In the Matter of MICHAEL PIZNAK, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 20, 1966.

*John G. Bonomi* for petitioner.

*Denis M. Hurley* for respondent.

*Per Curiam.* Respondent was admitted to practice March 9, 1931, in the First Judicial Department. He is presently about 60 years of age. On March 18, 1965, respondent pleaded guilty to three counts of a four-count information charging that he failed to file income tax returns for the years 1958, 1959 and 1960.

The fourth count alleging a failure to file in 1961 was dismissed on motion without opposition. Respondent was sentenced to 60 days on each count, the sentences to run concurrently, and fined $2,250. The fine was paid and the sentence of commitment actually served.

There is no doubt that respondent was aware of his obligation to file returns and make payment, for in each of the years involved he sought and obtained extensions of time in which to file such returns. Respondent does not contest the facts or the conviction. He recognizes that he is guilty of unprofessional conduct, and did not contest the charges filed by petitioner. We must now determine what sanction should be imposed.

Respondent, a veteran, is married and has been very active in communal affairs, particularly in matters affecting Ukrainians. His difficulties began following upon his termination of employment because of insufficient work, from a job as claims adjustor. The job afforded a small, though steady income, which respondent supplemented by a limited individual law practice. At the time respondent was supporting a father, then 86 years of age and a cripple with one arm, and a mother, age 72, a diabetic who suffered also from a heart ailment. Both died in the latter part of 1957, and an uncle who had lived with the parents became seriously ill and had to be placed in a nursing home. The care and support of this uncle, who died in 1958, became respondent's responsibility. In May, 1958, he ceased to be retained as counsel to a Ukrainian Association, a position which also afforded some limited income.

The record indicates that respondent realized his tax obligations and even before the information was filed he was seeking expert assistance in the adjustment of his somewhat muddled financial records and in the preparation of the necessary returns. Payment of the taxes will, in all probability, exhaust the lifetime savings of respondent.

Some 17 character references attest to the esteem in which respondent is held by the writers. These charges, from the record, are the only charges brought against him in an otherwise blameless professional life. It does appear that a suspension would leave respondent and his wife without income and nearly, if not completely, impoverished. Moreover, there was complete co-operation with petitioner.

Respondent's hitherto respectable career, the degree of punishment to which he has already been subjected, his co-operation with the committee, the fact that no one has suffered from his misconduct other than himself, persuade us that under the

circumstances of this particular case a censure would be a sufficient sanction (*Matter of Taylor*, 26 A D 2d 88).

Respondent should be censured.

BOTEIN, P. J., BREITEL, RABIN, MCNALLY and STEVENS, JJ., concur.

Respondent censured.